UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JAHLIL A. WHITEHEAD,

       Plaintiff,

-against-

MERCEDES BENZ MANHATTAN,

       Defendant.

---

23-CV-6674 (JGLC)

**ORDER OF SERVICE**

JESSICA G. L. CLARKE, United States District Judge:

  Plaintiff brings this *pro se* action under the New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297, alleging that his employer discriminated against him based on his sexual orientation. The Court construes the complaint as asserting a discrimination claim under Title VII of the Civil Rights Act of 1964, *see McLeod v. Jewish Guild for the Blind*, 864 F.3d 154 (2d Cir. 2017) (courts are required to construe complaints filed by *pro se* parties as asserting claims under appropriate law, even if the plaintiff "failed to check appropriate blanks"), based on Plaintiff's sex, *see Zarda v. Altitude Express, Inc.*, 883 F.3d 100 (2d Cir. 2018) (holding that sexual orientation discrimination is considered a subset of sex discrimination for purposes of Title VII).

  By order dated August 1, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d.

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and the complaint until the Court reviewed the complaint and ordered that the summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued.

119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service on Defendant Mercedes Benz Manhattan, through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for the Defendant. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon the Defendant.

If the complaint is not served within 90 days after the date the summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is further instructed to issue a summons for Mercedes Benz Manhattan, complete the USM-285 form with the address for the Defendant, deliver all documents necessary to effect service to the U.S. Marshals Service, and mail Plaintiff an information package.

SO ORDERED.

Dated: August 11, 2023
New York, New York

*Jessica Clarke*
JESSICA G. L. CLARKE
United States District Judge

**DEFENDANT AND SERVICE ADDRESS**

Mercedes Benz Manhattan
770 11th Avenue
New York, NY 10019